UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JESSICA RIOS,                                                           Civil Action No.
on behalf of herself and all others
similarly situated

                                                                CLASS ACTION
                          Plaintiffs,                       COMPLAINT
    v.

                                                               NO JURY TRIAL DEMANDED

I.C. SYSTEM, INC.

                          Defendant.
---------------------------------------------------------X

Plaintiff, by and through her counsel, The Law Offices of Gus Michael Farinella, PC, as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the illegal practices of the Defendant, I.C. System, Inc. ("Defendant" or "IC"), who used illegal practices in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that IC's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. To prohibit unfair practices, the FDCPA, at 15 U.S.C. §1692f, provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt and enumerates a non-exhaustive list of certain per se violations of unfair practices. 15 U.S.C. §1692f(1)-(8).

5. Among these per se violations is the use any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram. 15 U.S.C. §1692f(8).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

7. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District;
    b. Defendant does business within this District;
    c. Plaintiff resides in this State and this District.

## PARTIES

8. Plaintiff, Jessica Rios is an individual natural person who at all relevant times resided in the City of Flushing, County of Queens, State of New York.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

10. Defendant I.C. System, Inc. is a Corporation with offices located at 444 Highway 96 East St. Paul, MN 55164.

11. The principal purpose of I.C. System, Inc. is the collection of debts using the mail and telephone.

12. IC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. IC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

14. Sometime prior to June 2014, Plaintiff allegedly incurred a debt to AT&T Mobility (the "Debt").

15. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal cell phone account.

16. The debt for the cell phone account is a "debt" as defined by 15 U.S.C. §1692a(5).

17. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 2014, the Debt was either directly or through intermediate transactions assigned, placed or transferred to IC for the purpose of collecting the Debt.

18. The Debt was past due at the time it was placed with or assigned to Defendant to collect the debt.

19. On or about June 7, 2014 Defendant sent a letter to Plaintiff seeking to collect the Debt.

20. A true copy of the June 7, 2014 letter, but with redactions, is attached as "**Exhibit A**".

21. Plaintiff received and reviewed the letter attached as "**Exhibit A**".

22. The letter attached as "**Exhibit A**" is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

23. The June 7, 2014 letter attached as "**Exhibit A**" was received by the Plaintiff in an envelope which contained a glassine window.

24. Through the window of the envelope, was visible the Plaintiff's account number assigned by the Defendant above the Plaintiff's mailing address.

25. IC's debt collection practice is a high volume practice.

26. IC's debt collection practice is largely automated and utilizes standardized form letters.

27. **"Exhibit A"** is a standardized form letter which was sent, or caused to be sent, over the course of the past year by IC to thousands of New York consumers from whom IC attempted to collect a debt.

<u>CLAIM FOR RELIEF</u>

<u>COUNT I</u>

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

<u>15 U.S.C. §1692, et seq.</u>

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27.

29. In sending the letter attached as "**Exhibit A**" the Defendant violated 15 U.S.C. §1692f and §1692(f)(8).

30. The FDCPA at §1692f and §1692(f)(8) provides:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section

    (8) Using **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. (emphasis added)

31. The Defendant violated 15 U.S.C. §1692f and §1692(f)(8) by sending the letter attached as "**Exhibit A**" because the letter unlawfully exposed the financial account number associated with the Debt.

32. IC violated 15 U.S.C. § 1692f(8) by sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

5

33. The account number which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes and innovation of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor.

34. The account number, when disclosed to the public eye, exposes the consumer's financial quandary. Douglass v. Convergent Outsourcing, 13-3588, 2014 WL 4235570 (3rd Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy covers, it cannot be deemed benign…Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass. But the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor…Accordingly, Douglass's account number is impermissible language or symbols under 1692f(8).

35. IC is liable to the plaintiff and the class for damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

CLASS ACTION ALLEGATIONS

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35.

37. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all others persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as: (a) all individuals (b) with a New York address (c) who were sent a letter from I.C. System Inc. in substantially the same form of **Exhibit A** seeking to collect a personal debt owed to AT&T Mobility, (d) the collection letter was not returned by the postal service as undelivered, (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (f) where the letter was sent in a windowed envelope such that the financial account number associated with the debt was visible from outside the envelope.

39. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

41. Based on the fact that form collection letter is at the heart of this litigation, the class is averred to be so numerous that joinder of members is impracticable. On information and belief, there are at least 40 members of the class.

42. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

43. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by IC.

44. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of IC's identical conduct particular to the matters at issue; (b) IC's violations of 15 U.S.C. §1692f and 1692f(8); (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

45. The claims of Plaintiff are typical of those of the class she seeks to represent.

46. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of IC. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

47. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

48. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

49. Plaintiff is willing and prepared to serve this Court and proposed class.

50. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

51. Plaintiff has retained the services of counsel who are experienced in consumer litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

52. A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

2. Adjudging that I.C. System, Inc. violated 15 U.S.C. § 1692f(8);

3. An award of statutory damages for Jessica Rios and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       June 7, 2015

By: /s/ Gus Michael Farinella
_____
Gus Michael Farinella, Esq.
Law Offices of Gus Michael Farinella PC
*Attorneys for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (212) 675-6161
Fax: (212) 675-4367
gmf@lawgmf.com

<u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                            The Law Offices of Gus Michael Farinella, PC

                    /s/ Gus Michael Farinella
By:_____
                 Gus Michael Farinella